UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL MERCHANDISING SERVICES LTD., <br><br> Plaintiff, <br><br> - against - <br><br> SUNFROG LLC, <br><br> Defendant. | Case No. 17-cv-10154-AKH |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**CASES**

*Arista Records LLC v. Media Services LLC,*

    No. 06 Civ. 15319(NRB), 2008 WL 563470 (S.D.N.Y. Feb. 25, 2008) ...............................................................8

*Cartier v. Micha, Inc.,*

    No. 06 Civ. 4699, 2007 WL 1187188 (S.D.N.Y. Apr. 20, 2007) ........................................................2, 5

*Crescent Publ'g Grp. V. Am. Video Corp.,*

    No. 93 Civ. 5896, 1996 WL 143928 (S.D.N.Y. Mar. 29, 1996).......................................................................3

*Detroit Coffee Company, LLC v. Soup for You, LLC,*

    16-CV-9875 (JPO), 2018 WL 941747 (S.D.N.Y. Feb. 16, 2018) ..................................................... passim

*Enigma Software Group USA, LLC v. Malwarebytes Inc.,*

    260 F. Supp. 3d 401 (S.D.N.Y. 2017)........................................................................................ i

*Estee Lauder Inc. v. The Gap, Inc.,*

    108 F.3d 1503 (2d Cir. 1997).........................................................................................................8

*German Educational Television Network, Ltd. v. Oregon Public Broadcasting Co.,*

    569 F. Supp. 1529 (S.D.N.Y. 1983)........................................................................................ i

*Gulf Ins. Co. v. Glasbrenner,*

    417 F.3d 353 (2d Cir. 2005)....................................................................................................2, 4, 6

*Hsin Ten Enter. USA, Inc. v. Clark Enters.,*

    138 F. Supp. 2d 449 (S.D.N.Y. 2000).................................................................................................6

*In re Facebook, Inc., IPO Securities and Derivative Litigation,*

    922 F. Supp. 2d 445 (S.D.N.Y. 2013)................................................................................................2

*Issac Import, Inc. v. Boulvard Apparel, Inc.,*

    16 Civ. 6933 (JSR), (S.D.N.Y. July 31, 2017)........................................................................................5

*Leroy v. Great Western United Corp.,*

    443 U.S. 173 (1979) ........................................................................................................ i

*Mola, Inc. v. Kacey Enterprises, LLC,*

    No. 10-CV-1045S, 2011 WL 3667505 (W.D.N.Y. Aug. 21, 2011) ...........................................................5, 6

*Phoenix Entertainment Partners, LLC v. J-V Successors, Inc.*,

    1:16-cv-9451-GHW, 2018 WL 1633848 (S.D.N.Y. March 31, 2018) ...................................8

*Sarl Louis Feraud Int'l v. Viewfinder Inc.*,

    406 F. Supp. 2d 274 (S.D.N.Y. 2005)................................................................................9

*Schieffelin & Co. v. Jack Company of Boca, Inc.*,

    725 F. Supp. 1314 (S.D.N.Y. 1989)..................................................................................5

*TradeComet.com LLC v. Google, Inc.*,

    693 F. Supp. 2d 370 (S.D.N.Y. 2010)...............................................................................2

**FEDERAL STATUTES**

15 U.S.C. § 1114.......................................................................................................................7

15 U.S.C. § 1125(A)..................................................................................................................7

28 U.S.C. § 1391.......................................................................................................................2

28 U.S.C. § 1391(b)..............................................................................................................2, 4, 6

28 U.S.C. § 1391(b)(1)........................................................................................................i, 2, 3

28 U.S.C. § 1391(b)(2)........................................................................................................3, 4, 6

**RULES**

Fed. R. Civ. P. 12(b)(3).............................................................................................................2

Fed. R. Civ. P. 12(b)(6).............................................................................................................9

**Table of Contents**

PRELIMINARY STATEMENT ............................................................................... 1

ARGUMENT ....................................................................................................... 1

I.     Plaintiff Has Not and Cannot Allege Facts Showing Venue is Proper ............................ 1

II.    Plaintiff's Claims Should be Limited to the Rights Alleged ............................................... 7

III.   Plaintiff Has Not Adequately Alleged Facts Supporting Contributory Infringement 8

CONCLUSION .................................................................................................... 9

## PRELIMINARY STATEMENT

SunFrog LLC ("SunFrog") hereby submits this Reply Memorandum of Law in support of its Motion to Dismiss the Complaint filed by Global Merchandising Services, Ltd. ("Plaintiff") to clarify a few of the arguments made by both Parties. Without waiver of any arguments or defenses previously asserted by SunFrog, SunFrog solely addresses Plaintiff's arguments as to venue, the specificity of its claims, and contributory infringement below.

## ARGUMENT

### I. Plaintiff Has Not and Cannot Allege Facts Showing Venue is Proper

Plaintiff asserts that venue is proper under 28 U.S.C. § 1391(b)(1) because "[t]his Court unquestionably has personal jurisdiction over Defendant." (Pl.'s Mem. Opp'n Mot. Dismiss 5, ECF No. 20.) The Southern District of New York recognizes that "personal jurisdiction over the defendant may be present, but the defendant may still be in a position to argue that venue is improper." *German Educational Television Network, Ltd. v. Oregon Public Broadcasting Co.*, 569 F. Supp. 1529, 1533 (S.D.N.Y. 1983). Courts may decide on the issue of whether a venue is proper before deciding the issue of personal jurisdiction. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979); *see also Enigma Software Group USA, LLC v. Malwarebytes Inc.*, 260 F. Supp. 3d 401, 408 (S.D.N.Y. 2017) (granting motion for improper venue without deciding on the issue of personal jurisdiction); *In re Facebook, Inc., IPO Securities and Derivative Litigation*, 922 F. Supp. 2d 445, 455 (S.D.N.Y. 2013) (recognizing that courts may decide questions of venue before addressing issues of personal jurisdiction). "Regardless of whether [a party's] conduct renders it subject to this Court's personal jurisdiction, the Court must separately determine whether 'a substantial part of the events or omissions giving rise to the claim occurred' in this district." *Detroit Coffee Company, LLC v. Soup for You, LLC*, 16-CV-9875

(JPO), 2018 WL 941747, *4 (S.D.N.Y. Feb. 16, 2018) (citing 28 U.S.C. § 1391(b)). Courts are

"required to construe the venue statute strictly." *Id.* (citing *Gulf Ins. Co. v. Glasbrenner*, 417

F.3d 353, 357 (2d Cir. 2005)). "On a motion to dismiss for improper venue under Rule 12(b)(3),

the burden of proof lies with the plaintiff to show that venue is proper." *Detroit Coffee*, 2018 WL

941747, at *1 (quoting *Cartier v. Micha, Inc.*, No. 06 Civ. 4699, 2007 WL 1187188, at *2

(S.D.N.Y. Apr. 20, 2007)).

When considering a motion to dismiss, courts are restricted in the information that they

may consider. The Court is, however, permitted to consider facts outside of the pleadings on a

motion made pursuant to Rule 12(b)(3) of the Fed. R. Civ. P. *TradeComet.com LLC v. Google,*

*Inc.*, 693 F. Supp. 2d 370, 375 n.3 (S.D.N.Y. 2010); *see also Cartier*, 2007 WL 1187188, * 2

("In ruling on [a] motion [under Rule 12(b)(3)] the court may rely on facts and consider

documents outside the complaint."). Here, Plaintiff relies on conclusory allegations (Pl.'s Mem.

Opp'n Mot. Dismiss 5, 6, ECF No. 20; Compl. ¶¶ 3, 4, ECF No. 1.) Plaintiff's conclusory

allegations are controverted by the declaration of Chris Carol that is before the Court. (Carol

Decl. 2, ECF No. 17.)

### A.    Plaintiff Has Not Adequately Alleged Venue is Proper Under § 1391(b)(1)

While SunFrog has not moved to dismiss for lack of personal jurisdiction, in moving to

dismiss for improper venue it necessarily objected to Plaintiff's conclusory assertion that

SunFrog resides in this judicial district. Neither has Plaintiff alleged that SunFrog resides within

this judicial district. Plaintiff's assertion that venue is appropriate states "[v]enue is proper, *inter*

*alia*, pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this district and, on

information and belief, a substantial part of the events or omissions giving rise to the claims

occurred in this judicial district, and has caused damage to Plaintiff in this district." (Compl. ¶ 3,

2

ECF No. 1.) This allegation goes to 28 U.S.C. § 1391(b)(2) rather than 28 U.S.C. § 1391(b)(1). Moreover, Plaintiff's allegation that personal jurisdiction over SunFrog is appropriate is also premised on an allegation that SunFrog "derives substantial revenue from its business transactions in New York and in this judicial district." (Compl. ¶ 4, ECF No. 1.) SunFrog has submitted a declaration showing that Plaintiff's allegations are unfounded. Plaintiff's conclusory allegation that personal jurisdiction is appropriate should not be read as an allegation that SunFrog resides within this judicial district for the purposes of an analysis of whether venue is appropriate. Because Plaintiff has neither sufficiently alleged that SunFrog resides within this judicial district nor rebutted the substance of SunFrog's declaration, venue is not appropriate under 28 U.S.C. § 1391(b)(1).

### B.  Plaintiff Has Not Adequately Alleged Venue is Proper Under § 1391(b)(2)

Plaintiff acknowledges that venue under 28 U.S.C. § 1391(b)(2) is appropriate if SunFrog has substantial sales of allegedly infringing product within this judicial district or if SunFrog intentionally targeted infringing product at this district. (Pl.'s Mem. Opp'n Mot. Dismiss 6, ECF No. 20.) "[V]enue by substantial sales requires, at minimum, that the plaintiff allege some non-nominal sales in the district." *Detroit Coffee*, 2018 WL 941747, at *2 (citing *Crescent Publ'g Grp. V. Am. Video Corp.*, No. 93 Civ. 5896, 1996 WL 143928, at *3 (S.D.N.Y. Mar. 29, 1996)). "[F]or venue to be proper, *significant* events . . . *material* to the plaintiff's claim must have occurred in the district in question . . . ." *Detroit Coffee*, 2018 WL 941747, at *3 (quoting *Gulf Ins. Co.*, 417 F.3d at 357).

### 1.  Plaintiff Has Not and Cannot Adequately Allege that SunFrog Made Substantial Sales of Infringing Product in this District

Plaintiff relies on conclusory allegations that "a substantial part of the events or omissions giving rise to the claims occurred in this judicial district . . . ." (Compl. ¶ 3, ECF No.

3

1.) SunFrog has submitted a declaration stating that less than 3 percent of sales of allegedly infringing goods were shipped to the State of New York. (Carol Decl. 2, ECF No. 17.) Even assuming that all of those goods shipped to locations within this judicial district, the evidence before the Court shows that Plaintiff cannot meet the "substantial sales" requirement. In *Detroit Coffee*, the Southern District of New York considered a similar declaration showing that 99.9 percent of the defendant's sales of allegedly infringing product occurred outside of this judicial district and held that "[s]uch a paltry number of sales, both in absolute and relative terms, cannot be said to represent 'a substantial part of the events . . . giving rise to' a claim of trademark infringement." 2018 WL 941747, at \*3 (quoting 28 U.S.C. § 1391(b)). In this case, less than 3 percent of relevant sales into the entire State of New York should not meet the "substantial sales" requirement.

**2.      Plaintiff Mischaracterizes the Cases Cited in Support of Its Assertion that a Small Number of Sales Makes Venue Proper**

Plaintiff does not meaningfully distinguish between the substantial sales and intentional targeting prongs of this analysis. (Pl.'s Mem. Opp'n Mot. Dismiss 6-9, ECF No. 20.) Plaintiff cites to four cases in support of its argument that a small number of sales may make venue proper under 28 U.S.C. § 1391(b)(2). (Pl.'s Mem. Opp'n Mot. Dismiss 8, ECF No. 20.) In *Cartier*, the court found that the substantial economic value of the infringing goods, two watches valued at three thousand dollars ($3,000) and twelve thousand five hundred dollars ($12,500), supported the "substantial sales" requirement making venue proper. 2007 WL 1187188, at \*4. The goods at issue in this case, t-shirts, do not support a similar analysis. Plaintiff cites another case for the proposition that a defendant's sale of "nine (9) allegedly infringing goods in the Southern District of New York" makes venue proper. (Pl.'s Mem. Opp'n Mot. Dismiss 8, ECF No. 20.) In that case, however, the defendant not only sold goods within this judicial district, it

4

also participated in at least two trade shows and advertised its presence at those trade shows online, inviting its customers to attend both trade shows. *See Issac Import, Inc. v. Boulvard Apparel, Inc.*, 16 Civ. 6933 (JSR), (S.D.N.Y. July 31, 2017). Plaintiff has not sufficiently alleged any such conduct within this judicial district in this case. Next, Plaintiff cites *Schieffelin & Co. v. Jack Company of Boca, Inc.*, 725 F. Supp. 1314 (S.D.N.Y. 1989), stating that it collects "cases where a small percentage of sales was held sufficient to establish venue." (Pl.'s Mem. Opp'n Mot. Dismiss 8, ECF No. 20.) While Plaintiff's assertion is literally true, the court collected such cases to point out inconsistency in prior decisions by contrasting the collection cited by Plaintiff against a collection of cases where similar percentages of sales was not sufficient to establish venue. *Schieffelin*, 725 F. Supp. at 1320 ("In other cases, this Court has found percentages of national sales in the same range insufficient."). In *Schieffelin*, "the percentage of [defendant's] sales in New York [were] not only a majority of total sales but also . . . largely outnumber[ed] sales in any other individual state." *Id.* at 1321. Finally, Plaintiff cites one Western District of New York opinion involving a defendant that obtained one of the plaintiff's products "for the purpose of making a mold of Plaintiff's designs." *Mola, Inc. v. Kacey Enterprises, LLC*, No. 10-CV-1045S, 2011 WL 3667505, *1 (W.D.N.Y. Aug. 21, 2011). Although Plaintiff is correct that only seven (7) infringing goods were sold in New York, those goods represented willfully infringing goods that generated more than one thousand dollars ($1,000) in revenue during one year for the defendant. *Id.* at *2. The court also based its decision, in part, on the established fact that the defendant, which had willfully copied plaintiff's product, also had more than four thousand three hundred dollars ($4,300) worth of sales within the state of New York in one year. *Id.* The cases discussed above demonstrate that venue is improper in this judicial district. Plaintiff has not sufficiently alleged that SunFrog, which offers a service to its users that may

sometimes and against SunFrog's efforts be used to create low-cost, infringing t-shirts and similar items, has sales that are substantial for the purposes of 28 U.S.C. § 1391(b)(2).

### 3.   Plaintiff Has Not and Cannot Adequately Allege that SunFrog Intentionally Targeted Infringing Goods at this District

Because Plaintiff cannot meet its burden of showing substantial sales of infringing goods within this judicial district, it must allege facts sufficient to show that SunFrog intentionally targeted infringing goods at this judicial district. *Detroit Coffee*, 2018 WL 941747, at \*3 ("[I]n lieu of demonstrating substantial sales, the plaintiff must show at least that the defendant took some active step to advertise, market, or otherwise solicit business in the district."). "The Internet adds a wrinkle to this analysis. On the one hand, it is clear that 'a passive, albeit infringing website' does not automatically make venue proper in all fifty states from which the allegedly infringing website can be viewed." *Id.* at \*3 (quoting *Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 460 (S.D.N.Y. 2000)). "The question is where passive information ends and intentional targeting begins." *Id.* at \*4. "It would be error . . . to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries." *Id.* (quoting *Gulf Ins. Co.*, 417 F.3d at 357). "Regardless of whether [a defendant's] conduct renders it subject to this Court's personal jurisdiction, the Court must separately determine whether 'a substantial part of the events or omissions giving rise to the claim occurred' in this district." *Id.* (quoting 28 U.S.C. § 1391(b)).

In *Detroit Coffee*, the Southern District of New York considered a defendant's website and Amazon.com storefront that allowed users to order coffee to be shipped throughout the country. 2018 WL 941747, at \*4. Noting that the defendant had "apparently done nothing else to market, advertise, or otherwise target sales into the sate of New York" and that the defendant did not "maintain a business address or telephone number in the district, . . . advertise in the district,

[or] maintain any storefronts in the district," the court held that "[t]he mere existence of [the defendant's] online-ordering platform does not indicate that a 'substantial part' of the infringing events occurred in this district." *Id.* (granting defendant's motion to dismiss for improper venue). Because Plaintiff has not and cannot allege facts sufficient to show that SunFrog made substantial sales into this district or intentionally targeted this district, venue in this district is not proper.

## II.    Plaintiff's Vague Claims Should be Dismissed or Limited to the Rights Alleged

Plaintiff's Complaint defines "GMS Artists' IP" as "certain intellectual property rights in and to the GMS Artists' brands, such as internationally registered and unregistered trademarks, copyrights, and publicity rights . . . ." (Compl. ¶ 10, ECF No. 1.) Plaintiff's Exhibit A, attached to its Complaint, comprises "a non-exhaustive list of the GMS Artists' trademarks . . . ." (Compl. ¶ 12, ECF No. 1; Compl. Ex. A, ECF No. 1-1.) Also attached to the Complaint is a cease and desist letter that identifies several trademarks but only generally refers to copyrights and rights of publicity owned by Ian "Lemmy" Kilmister and unidentified members of Iron Maiden. (Compl. Ex. E, ECF No. 1-5.) The Southern District of New York recognize that "plaintiffs must specify the [rights] for which they seek relief in order to obtain a monetary judgment against [a defendant] for any established infringement." *Arista Records LLC v. Media Services LLC*, No. 06 Civ. 15319(NRB), 2008 WL 563470, *3 (S.D.N.Y. Feb. 25, 2008).

To prevail under 15 U.S.C. § 1114 or 15 U.S.C. § 1125(A), "a plaintiff must show (1) that it has a valid mark that is entitled to protection under the Act, and (2) that use of the defendant's mark infringes, or is likely to infringe, the mark of the plaintiff . . . ." *Phoenix Entertainment Partners, LLC v. J-V Successors, Inc.*, 1:16-cv-9451-GHW, 2018 WL 1633848, *3 (S.D.N.Y. March 31, 2018) (quoting *Estee Lauder Inc. v. The Gap, Inc.*, 108 F.3d 1503, 1508-09 (2d Cir. 1997)). Insofar as Plaintiff defines the GMS Artists' Marks as including

7

unidentified trademarks, Plaintiff's Complaint fails to give SunFrog adequate notice of the extent of Plaintiff's claims of infringement. The vague definition of GMS Artists' IP is even less helpful. Because each of Plaintiff's claims are predicated on infringement of un-identified rights, they should be dismissed.

### III.   Plaintiff Has Not Adequately Alleged Facts Supporting Contributory Infringement

Plaintiff argues that "SunFrog hastily disregards Plaintiff's allegations regarding SunFrog's *specific* knowledge of listings and/or products that will infringe in the future." (emphasis in original) (Pl.'s Mem. Opp'n Mot. Dismiss 18, ECF No. 20.) In support of its allegation that SunFrog has specific knowledge of infringing listings, Plaintiff offers paragraphs 29, 32, and 33 of its Complaint. Paragraph 29 describes the cease and desist letter attached to the Complaint as Exhibit E that broadly identifies Plaintiff's claimed intellectual property but only generally states that SunFrog is infringing upon such intellectual property. (Compl. ¶ 29, ECF No. 1; Compl. Ex. E, ECF No. 1-5.) Paragraph 32 similarly asserts that Plaintiff provided SunFrog with a non-exhaustive list of intellectual property that SunFrog was generally infringing upon. (Compl. ¶ 32, ECF No. 1.) Although paragraph 33 does allege that Plaintiff provided SunFrog with specific listings it asserts were infringing, Plaintiff concedes in paragraph 34 that those links were removed from SunFrog's website. (Compl. ¶¶ 33, 34, ECF No. 1.) Plaintiff has only alleged that SunFrog had general knowledge of Plaintiff's ill-defined intellectual property rights. Insofar as it has alleged any specific knowledge of infringement as required for a contributory infringement claim, Plaintiff has acknowledged that SunFrog took action to address those allegedly infringing listings.

Plaintiff also argues in support of its contributory infringement claim stating that SunFrog fails to disable certain URLs as alleged in paragraph 35 of its Complaint. (Pl.'s Mem. Opp'n Mot. Dismiss 18, ECF No. 20; Compl. ¶ 35, ECF No. 1.) Paragraph 35 of the Complaint alleges

that reported URLs do not report an error message when they are directly typed into a Web browser but instead directs users to other, non-infringing goods. (Compl. ¶ 35, ECF No. 1.) Plaintiff's argument is facially ridiculous. Only parties who might have saved that specific URL would be able to use it. Plaintiff does not allege that the use of any trademark in such a URL that has been so hobbled would cause any consumer confusion.

Plaintiff is not contesting the authenticity of SunFrog's website, and SunFrog's website is capable of accurate and ready determination. For the purposes of a motion to dismiss under Rule 12(b)(6), the Court may take judicial notice of information publicly available on a party's website in such circumstances. *Sarl Louis Feraud Int'l v. Viewfinder Inc.*, 406 F. Supp. 2d 274, 277 (S.D.N.Y. 2005). Plaintiff cannot reasonably contest the fact that SunFrog requires its users to accept a user agreement that sets forth guidelines for the use of SunFrog's services. (available at:  https://www.sunfrog.com/legal/terms/) (last visited April 26, 2018). Likewise, Plaintiff cannot contest the fact that "each account holder must attest/swear that they are the owner of any/all designs . . . they upload, that they are working on behalf of the owner of the IP, or have acquired the right to use the IP from the owner of same." (available at: https://www.sunfrog.com/legal/) (last visited April 26, 2018). Plaintiff has admitted that, when it used SunFrog's reporting tool instead of vaguely claiming intellectual property rights upon which SunFrog generally infringed, SunFrog took action to remove the allegedly infringing content. (Compl. ¶ 34, ECF No. 1.) Plaintiff's claim for contributory infringement should be dismissed.

## CONCLUSION

For the foregoing reasons, SunFrog respectfully requests that this Court grant its motion in its entirety.

9

Dated:     New York, New York
           April 26, 2018

Respectfully submitted,

By: _____

Anderson J. Duff
244 5th Ave. Ste. 2230
New York, New York 10001
(t) 212.996.4103
(f) 212.996.5863
anderson@revisionlegal.com

John Di Giacomo
444 Cass St. Ste. D
Traverse City, Michigan 49684
(t) 231.714.0100
(f) 231.714.0200
john@revisionlegal.com

REVISION LEGAL, PLLC
*Attorneys for Defendant*

10